IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER WRIGHT,                          )
                                        )    2:11-cv-02259-GEB-CKD
                Plaintiff,              )
                                        )
        v.                              )    STATUS (PRETRIAL SCHEDULING)
                                        )    ORDER
BRAKE MASTERS SYSTEMS, INC., a          )
corporation, and DOES 1-100,            )
inclusive,                              )
                                        )
                Defendant.              )
_____        )

        The status (pretrial scheduling) conference scheduled for
hearing on November 7, 2011, is vacated since the parties' Joint Status
Report filed on October 21, 2011 ("JSR") indicates the following Order
should issue.

  DOE DEFENDANTS, SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

        Plaintiff indicates in the JSR that he "will identify Doe
Defendants by March 30, 2012." (JSR 2:8.) However, Plaintiff does not
explain why this could not occur earlier.  Therefore, Plaintiff has
until January 17, 2012, to file a motion in which leave is sought under
Federal Rule of Civil Procedure 15(a) to file an Amended Complaint
substituting a named defendant in place of a Doe defendant. The

referenced motion must be noticed for hearing on the Court's earliest available law and motion date.

No further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court for good cause shown. If leave is not sought as stated, Does 1 through 100 will be automatically dismissed from this action.

ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Plaintiff substitutes a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

DISCOVERY

All discovery shall be completed by October 31, 2012. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before June 29, 2012, and any contradictory and/or rebuttal expert

disclosure authorized under Rule 26(a)(2)(D)(ii) on or before July 31, 2012.

MOTION HEARING SCHEDULE

The last hearing date for a motion is December 17, 2012, commencing at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for February 25, 2013, at 11:00 a.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall specify the issues for trial, including a description of each theory of liability and affirmative defense, and

---

[1]    This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

shall estimate the length of the trial.[2] The Court uses the parties'
joint pretrial statement to prepare its final pretrial order and could
issue the final pretrial order without holding the scheduled final
pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir.
1999) ("There is no requirement that the court hold a pretrial
conference.").

        If possible, at the time of filing the joint pretrial
statement counsel shall also email it in a format compatible with
WordPerfect to: geborders@caed.uscourts.gov.

                    TRIAL SETTING

        Trial shall commence at 9:00 a.m. on May 21, 2013.

        IT IS SO ORDERED.

Dated:  October 25, 2011

                    _____
                    GARLAND E. BURRELL, JR.
                    United States District Judge

---

        [2]    If a trial by jury has been preserved, the joint pretrial
statement shall also state how much time each party desires for voir
dire, opening statements, and closing arguments.